UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 5:13-31-KKC |
| Plaintiff, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| DONALD H. ASBERRY, ) | |
| ) | |
| Defendant. ) | |

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on a motion filed by the defendant, Donald H. Asberry, (DE 94) in which he appears to argue for a sentence reduction pursuant to Amendments 750 and 782 to the United States Sentencing Guidelines.

Asberry pleaded guilty to conspiring to distribute heroin and other related charges, including a charge of possessing a firearm in furtherance of drug trafficking. On November 20, 2013, the Court sentenced the defendant to a total prison term of 87 months on all charges. The defendant did not appeal.

As to Asberry's claim for a sentence reduction under Amendment 750, that amendment effectively reduced the base offense levels for offenses involving crack cocaine. Asberry was not convicted of any offense involving crack cocaine. Thus, he is not entitled to a reduced sentence under Amendment 750.

As to Asberry's claim under Amendment 782, this Court has previously denied this claim. That amendment reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses.

Asberry's advisory guideline range at the time of his sentencing was 90 to 97 months. The Court sentenced him below that range to 87 months. His amended guideline range under Amendment 782 is 84 to 90 months. The Court previously denied the defendant's motion for a reduction under Amendment 782 explaining that the defendant's 87-month sentence fell within even his amended guideline range and that, after considering the factors set forth in 18 U.S.C. § 3553, the Court saw no reason to reduce his sentence even further.

With his most recent pleading, Asberry does not address the factors in 18 U.S.C. § 3553. Instead, he appears to again challenge his conviction. As this Court has explained, the proper method to challenge a federal criminal conviction is through a motion filed under 28 U.S.C. § 2255.

Asberry also states that he wants a full investigation into this Court's rulings. To the extent that Asberry seeks a review of this Court's rulings by another court, he should appeal any such ruling to the Sixth Circuit Court of Appeals in accordance with the Federal Rules of Appellate Procedure.

Dated May 12, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY