UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL NO. 5:13-31-KKC |
| Plaintiff, ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| DONALD H. ASBERRY, ) | |
| ) | |
| Defendant. ) | |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on a motion filed by the defendant, Donald H. Asberry, (DE 93) in which he asks the Court to order the Bureau of Prisons to stop taking money from his inmate trust account to pay the assessment imposed on him at sentencing.

Asberry pleaded guilty to conspiring to distribute heroin and other related charges, including a charge of possessing a firearm in furtherance of drug trafficking. On November 20, 2013, the Court sentenced the defendant to a total prison term of 87 months on all charges. In addition, the Court imposed a $400 assessment which was due immediately. The Court ordered that $388 seized from Asbury be forfeited and applied to the assessment, after which Asberry owed a balance of $12. It appears that the BOP has been withdrawing money from Asberry's inmate account and applying those funds to the balance of his assessment. Asberry asks the Court to order the BOP to stop withdrawing the money from his account.

The Court must deny this request.  To the extent that Asberry requests the Court to amend the judgment to delete the assessment, this Court has no authority to do so. A

district judge has only limited jurisdiction to modify or amend a criminal judgment. Federal Rule of Criminal Procedure 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim.P. 35(a). After that 14–day window has closed, a district judge is only allowed to correct clerical errors. *See* Rule 36. Asberry was sentenced in 2013. Further, he has not alleged or shown any clerical error in the judgment.

In addition, Asberry asks the Court to provide him the addresses of the "Administrative Drug Court(s) that oversee drug cases within the Eastern District of Kentucky and the Sixth Circuit including the Administrative Law Judge . . . that holds court for 'drug crimes/cases.'" There are no administrative courts that oversee federal drug cases. Federal district courts, such as this Court, have jurisdiction over cases that involve federal drug crimes. 18 U.S.C. § 3231.

For all these reasons, the Court hereby ORDERS that Asberry's motion (DE 93) is DENIED.

Dated June 22, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY